# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH
# CRIMINAL ACTION NO. 5:12CR-13-TBR

DONNELL LORENZO BRODIE                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                  RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant Donnell Lorenzo Brodie filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (DN 37). The Court reviewed the motion under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts. Upon review, the Court directed Brodie to show cause why his motion should not be dismissed as barred by the applicable statute of limitations. Brodie did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will deny the motion as untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After entering a guilty plea, Brodie was convicted on January 16, 2013, on three counts of knowingly and intentionally possessing with intent to distribute and distributing crack/cocaine base (Counts 1, 2, and 3) and one count of knowingly and intentionally possessing with the intent to distribute and distributing powder cocaine (Count 5). He was sentenced to 120 months' imprisonment. Brodie did not file a direct appeal of his conviction. He filed the instant § 2255 motion on December 4, 2016.[1]

---

[1] *See Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (under the mailbox rule, the motion is deemed filed when presented to prison officials for mailing) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

## II. ANALYSIS

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expires. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Judgment was entered in this case on December 21, 2012. The judgment became final on January 4, 2013, upon the expiration of the fourteen-day period for filing a notice of appeal. Brodie had one year, or until January 4, 2014, in which to timely file a motion under § 2255. Accordingly, Brodie's motion was filed almost three years after the statute of limitations had expired. Under § 2255(f), therefore, Brodie's motion appears to be time-barred and subject to summary dismissal.

In the motion, Brodie challenges his classification as a career offender under the U.S. Sentencing Guidelines based on the recent Supreme Court decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). He states, "[T]he sole ground being raised in this § 2255(a) – (f)(4)

petition is being raised for the first time in this instant petition due to the retroactivity of the Supreme Court case of Mathis v. United States." In a subsequent letter (DN 38), Brodie states that he filed his motion pursuant to "28 U.S.C. § 2255(f)(4), in light of United States v. Hinkle, 2016 U.S. App. LEXIS 14810, No. 15-10067 (Aug. 11, 2016), which as made the substantive ruling in Mathis v. United States, retroactive to collateral review in this jurisdiction."

However, contrary to Brodie's assertions, the Supreme Court's decision in *Mathis* did not create a new rule of law which applies retroactively to cases on collateral review. *See Tyler v. Cain*, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."). The Supreme Court gave no indication in *Mathis* that it intended its holding to be applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (finding that inmate "failed to make a prima facie showing that *Mathis* . . . set forth new rules of constitutional law that have been made retroactive to cases on collateral review); *United States v. Taylor*, No. 16-6223, 2016 U.S. App. LEXIS 21701, at *12 (10th Cir. Dec. 6, 2016) (holding that "*Mathis* did not announce a new rule"); *Box v. United States*, No. 16-2546, 2016 U.S. App. LEXIS 20373, at *2 (7th Cir. Jul. 20, 2016) (finding that *Mathis* "does not announce 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court[]'") (citing 28 U.S.C. § 2255(h)(2)); *Atkinson v. United States*, No. 1:16-cv-67, 2017 U.S. Dist. LEXIS 51049, at *5-6 (W.D. Mich. Apr. 4, 2017) (finding that "*Mathis* did not announce a new constitutional rule"); *United States v. King*, No. 2:09-cr-166, 2017 U.S. Dist. LEXIS 36302, at* 4-5 (S.D. Ohio Mar. 14, 2017) (concluding that "*Mathis* did not create a new substantive right which is applicable to cases pending on collateral review . . ."). Moreover, although Brodie suggests that the decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), demonstrates that *Mathis*

3

should apply retroactively to cases on collateral review, the Fifth Circuit did not make such a determination in *Hinkle*. The case was in fact decided on direct appeal and not on collateral review. *Id.* at 570.

Therefore, Brodie's § 2255 motion is subject to the one-year limitations period of § 2255(f)(1) and is time-barred.

However, because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Brodie did not allege facts in his motion which warrant the application of equitable tolling. "'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). A movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

Before dismissing the motion as time-barred, the Court provided Brodie with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). However, Brodie failed to respond to the Court's Show Cause Order or to otherwise meet his burden in

establishing that he satisfies the elements required for equitable tolling. Therefore, equitable tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Brodie appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:

cc: Movant/Defendant, *pro se*
United States Attorney
4413.010